UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Civil Action No.
LUIS SOTO,

                        Plaintiff,

           -against-                                COMPLAINT

THE CITY OF NEW YORK, THE NEW YORK CITY   Jury Trial Demanded
POLICE DEPARTMENT, OFFICER DE LA CRUZ (Shield
No. 6614), OFFICER RODRIGUEZ (Shield No. 9601),
JOHN/JANE DOES Nos. 1-6 (the names John and Jane doe
being fictitious, as the true names are presently unknown),

                        Defendants.
------------------------------------------------------------------X

       Plaintiff, Luis Soto ("Plaintiff"), by his attorneys, the Law Office of Bryan J. Swerling, complaining of Defendants herein, respectfully alleges as follows:

## Nature of Action

       1.    Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violation of his civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff also asserts supplemental claims under New York law.

## Jurisdiction and Venue

       2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.    The Court has jurisdiction over Plaintiff's federal law claims under 28 U.S.C. §1331 and 28 U.S.C. §1343.

       4.    The Court has jurisdiction over Plaintiff's supplemental state law claims under 28 U.S.C. §1367.

5.	Venue is proper in the Eastern District of New York under 28 U.S.C. § 139l(b) in that a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## Jury Demand

6.	Plaintiff demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## The Parties

7.	Plaintiff Luis Soto is a resident of the State of New York, County of Queens.

8.	Defendant The City Of New York ("the City") is, and was at all times relevant herein, a municipal corporation duly organized and existing under the laws of the State of New York. The City maintains the New York City Police Department ("NYPD"), which acts as the City's agent in the area of law enforcement and for which the City is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

9.	Defendant Police Officer De La Cruz (Shield No. 6614) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. Defendant De La Cruz is being sued in his individual capacity.

10.	Defendant Police Officer Rodriguez (Shield No. 9601) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. Defendant Rodriguez is being sued in his individual capacity.

11.	All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD. The Doe defendants are being sued in their individual capacities (all named police officers, individually and collectively hereinafter referred to as "Defendant Police Officers").

12. At all relevant times herein, Defendant Police Officers were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties. At all relevant times herein, the individual defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

13. At all relevant times herein, the Defendant Police Officers acted jointly and in concert with each other. Each individual defendant had the duty and the opportunity to protect Plaintiff from the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing Plaintiff's injuries.

### Statement of Facts

14. On May 23, 2021 at approximately 5:30 a.m., Plaintiff's vehicle was parked in front of the residential premises located at 1024 Montgomery Street, Brooklyn, New York 11213.

15. At such place and time, Plaintiff entered the vehicle, locked the doors, fastened his seatbelt, and turned on his vehicle.

16. The driver's side window was up in a closed position.

17. Within moments of turning on his car, an unmarked vehicle drove and stopped in front of the driver's side of Plaintiff's vehicle.

18. Another unmarked vehicle drove and stopped in the rear driver's side of Plaintiff's vehicle.

19. Surrounded by such unmarked vehicles, Plaintiff was now unable to move his car.

20. Approximately, four (4) police officers exited the unmarked vehicles, including Officers De La Cruz and Rodriguez, named as Defendants in this action.

21. All Defendant Police Officers approached Plaintiff's vehicles with their guns drawn pointing at Plaintiff.

22. All Defendant Police Officers surrounded Plaintiff's vehicle.

23. Plaintiff placed his hands on the steering wheel of the vehicle when Defendant Police Officers surrounded his vehicle.

24. Defendant Police Officers did not verbally identify themselves as police officers.

25. Defendant Police Officers did not request to see Plaintiff's identification.

26. Defendant Police Officers did not ask Plaintiff to turn off the engine of his vehicle.

27. Defendant Police Officers did not ask Plaintiff to exit his vehicle.

28. Plaintiff did not move his vehicle as the Defendant Police Officers approached his vehicle.

29. Plaintiff made no verbal statements to Defendant Police Officers as they approached his vehicle.

30. Plaintiff remained in his vehicle with his seatbelt fastened as Defendant Police Officer as Defendant Officers surround his vehicle.

31. Within moments of surrounding Plaintiff's vehicle, Defendant De La Cruz used a baton to shatter the driver's side window of the vehicle.

32. Defendant De La Cruz then proceeded to repeatedly strike Plaintiff on his face and body, severely injuring Plaintiff.

33. The other Defendant Police Officers proceeded to break and shatter the front passenger side window, and a rear window of Plaintiff's vehicle.

34. Defendant De La Cruz unfastened Plaintiff's seatbelt and forcibly removed Plaintiff from the vehicle.

35. Defendant Police Officers forced Plaintiff to the ground, handcuffed him, and continued to beat him with their batons, fists and legs.

36. Plaintiff did not strike back at Defendant Police Officers at any time.

37. Plaintiff did not resist arrest at any time during the incident.

38. As a result of the foregoing, Plaintiff sustained, *inter alia*, physical injuries, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, loss of liberty, physical restraints, and violation of his constitutional rights.

39. Plaintiff sustained lacerations and bruising to his face, both arms, and both legs, resulting in severe pain.

40. Plaintiff did not provoke the police assault on him and offered no physical resistance.

41. Plaintiff was arrested without probable cause to believe that he had committed any crime or offense.

42. Plaintiff was charged with: criminal mischief pursuant to New York Penal Law §145.00; reckless endangerment pursuant to New York Penal Law §120.20, and resisting arrest pursuant to New York Penal Law §205.30.

43. All such charges were false.

44. In connection with Plaintiffs arrest, Defendant Police Officers, including filed a false and misleading report and made false and misleading statements to the Kings County District Attorney ("District Attorney") regarding the circumstances of the arrest.

45. All charges were dismissed except for criminal mischief.

46. The charge of criminal mischief was adjourned in contemplation of dismissal and ultimately dismissed.

47. The above police misconduct occurred as a direct result of unconstitutional customs, policies, and practices of the City and the NYPD, including, but not limited to: arresting innocent people in order to meet productivity goals or arrest quotas or for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and falsifying evidence in an attempt to justify a false arrest.

48. The existence of such unconstitutional customs, policies, and practices may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed against the City and NYPD police officers, as well as from notices of claims filed with the City's Office of Comptroller and complaints filed with the NYPD's Internal Affairs Bureau and the City's Civilian Complaint Review Board.

49. The City has inadequately screened, hired, retained, trained, and supervised police officers, including those named as defendants herein, to respect the constitutional rights of individuals with whom they come in contact.

## First Claim for Relief
### (False Arrest Under 42 U.S.C. §1983)

50. Plaintiff repeats and reiterates each and every preceding allegation contained in this Complaint with the same force and effect as if fully set forth at length herein.

51. Defendants, acting in concert and within the scope of their authority, stopped, arrested, and caused Plaintiff to be imprisoned without probable cause or reasonable suspicion to believe that Plaintiff had committed any crime or offense, in violation of Plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## Second Claim for Relief
### (Excessive Force Under 42 U.S.C. §1983)

52. Plaintiff repeats and reiterates each and every preceding allegation contained in this Complaint with the same force and effect as if fully set forth at length herein.

53. Defendants, acting in concert and within the scope of their authority, used objectively unreasonable force in arresting Plaintiff, in violation of Plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## Third Claim for Relief
### (Unlawful Search Under 42 U.S.C. §1983)

54. Plaintiff repeats and reiterates each and every preceding allegation contained in this Complaint with the same force and effect as if fully set forth at length herein.

55. Defendants, acting in concert and within the scope of their authority, conducted a search of Plaintiff without probable cause, privilege or consent, in violation of Plaintiff's right to be free from unreasonable search under the Fourth and Fourteenth Amendments to the United States Constitution.

## Fourth Claim for Relief
### (Malicious Prosecution Claim Under 42 U.S.C. §1983)

56. Plaintiff repeats and reiterates each and every preceding allegation contained in this Complaint with the same force and effect as if fully set forth at length herein.

57. Defendants, acting in concert and within the scope of their authority, caused Plaintiff to be prosecuted with malice and without probable cause -- a prosecution that terminated in Plaintiff's favor -- in violation of Plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

### Fifth Claim for Relief
### (Violation of Right to Fair Trial Claim under 42 U.S.C. §1983)

58. Plaintiff repeats and reiterates each and every preceding allegation contained in this Complaint with the same force and effect as if fully set forth at length herein.

59. Defendants created false, fabricated evidence against Plaintiff and used that evidence against Plaintiff in legal proceedings, causing Plaintiff to suffer a violation of his right to a fair trial under the Fourteenth Amendment to the United States Constitution.

### Sixth Claim for Relief
### (Failure to Intervene Claim under 42 U.S.C. §1983)

60. Plaintiff repeats and reiterates each and every preceding allegation contained in this Complaint with the same force and effect as if fully set forth at length herein.

61. Each individual Defendant had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in that Defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having had a realistic opportunity to do so, thus violating Plaintiff's rights under the Fourth, and Fourteenth Amendments to the United States Constitution.

### Eighth Claim for Relief
### (Municipal Liability Claim Under 42 U.S.C. §1983)

62. Plaintiff repeats and reiterates each and every preceding allegation contained in this Complaint with the same force and effect as if fully set forth at length herein.

63. Defendants, singly and collectively, acting under color of state law, engaged in conduct that constituted customs, policies, and practices forbidden by the Constitution of the United States, including, but not limited to: arresting innocent people in order to meet productivity goals or arrest quotas or for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and falsifying evidence in an attempt to justify the false

8

arrest.

64. The City and the NYPD have inadequately screened, hired, retained, trained and supervised police officers.

65. The foregoing customs, policies, and practices constituted deliberate indifference to Plaintiff's safety, well-being, and constitutional rights.

66. The foregoing customs, policies, and practices were the direct and proximate cause of the constitutional violations suffered by Plaintiff.

67. The foregoing customs, policies, and practices were the moving force behind the constitutional violations suffered by Plaintiff.

68. The foregoing customs, policies, and practices deprived Plaintiff of the right to be free from unreasonable seizure, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## **Supplemental State Law Claims**

69. Plaintiff repeats and reiterates each and every preceding allegation contained in this Complaint with the same force and effect as if fully set forth at length herein.

70. Within ninety (90) days after the claims herein arose, Plaintiff duly served upon, presented to, and filed with the City a Notice of Claim setting forth all facts and information required under New York General Municipal Law §50-e.

71. On October 4, 2021, Plaintiff appeared and provided testimony pursuant to New York General Municipal Law §50-h.

72. More than thirty (30) days have elapsed since the presentation of Plaintiff's claims to the City but the City has wholly neglected or refused to make an adjustment or payment thereof.

73. This action was commenced within one (1) year and ninety (90) days after the

claims accrued.

74. Plaintiff has complied with all conditions precedent to maintaining the instant action.

### Ninth Claim for Relief
### (False Arrest Claim Under New York Law)

75. Plaintiff repeats and reiterates each and every preceding allegation contained in this Complaint with the same force and effect as if fully set forth at length herein.

76. Defendants, acting in concert and within the scope of their authority, arrested and caused Plaintiff to be imprisoned without probable cause to believe that Plaintiff had committed any crime or offense, and without any warrant or authority to do so.

### Tenth Claim for Relief
### (Assault Claim Under New York Law)

77. Plaintiff repeats and reiterates each and every preceding allegation contained in this Complaint with the same force and effect as if fully set forth at length herein.

78. Defendants, acting in concert and within the scope of their authority, placed Plaintiff in apprehension of imminent harmful and offensive bodily contact.

### Eleventh Claim for Relief
### (Battery Claim Under New York Law)

79. Plaintiff repeats and reiterates each and every preceding allegation contained in this Complaint with the same force and effect as if fully set forth at length herein.

80. Defendants, acting in concert and within the scope of their authority, made offensive contact with Plaintiff without privilege or consent.

### Twelfth Claim for Relief
### (Unlawful Search Claim Under New York Law)

81. Plaintiff repeats and reiterates each and every preceding allegation contained in this

Complaint with the same force and effect as if fully set forth at length herein.

82. Defendants, acting in concert and within the scope of their authority, conducted a search of Plaintiff without probable cause, privilege or consent, in violation of Plaintiff's right to be free from unreasonable search under Article 1, Section 12 of the New York State Constitution.

### Thirteenth Claim for Relief
### (Respondeat Superior Liability Under New York Law)

83. Plaintiff repeats and reiterates each and every preceding allegation contained in this Complaint with the same force and effect as if fully set forth at length herein.

84. The City is vicariously liable for the acts of their employees and agents who were on duty and acting in the scope of their employment when they engaged in the above unlawful conduct.

### Fourteenth Claim for Relief
### (Negligent Screening, Hiring, and Retention Claim Under New York Law)

85. Plaintiff repeats and reiterates each and every preceding allegation contained in this Complaint with the same force and effect as if fully set forth at length herein.

86. The City failed to use reasonable care in the screening, hiring, and retention of the NYPD employees who participated in the above unlawful conduct.

### Fifteenth Claim for Relief
### (Negligent Training and Supervision Claim Under New York Law)

87. Plaintiff repeats and reiterates each and every preceding allegation contained in this Complaint with the same force and effect as if fully set forth at length herein.

88. The City failed to use reasonable care in the training and supervision of the NYPD employees who participated in the above unlawful conduct.

### Prayer for Relief

Wherefore, Plaintiff demands the following relief jointly and severally against all

defendants:

    A.    Compensatory damages in an amount to be determined at trial;

    B.    Punitive damages in an amount to be determined at trial;

    C.    Reasonable attorney's fees and costs of this litigation; and

    D.    Such other relief as this Court deems just and proper.

Dated: New York, New York
       August 22, 2022

LAW OFFICE OF BRYAN J. SWERLING, P.C.

_____
By: Bryan J. Swerling, Esq.
15 Maiden Lane, Suite 2005
New York, New York 10038
Tel. 212.571.5757

*Attorneys for Plaintiff*